FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 10 2025 ★

LONG ISLAND OFFICE

RECEIVED
OCT 10 2025
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
OCT 10 '25 AM 11:00

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KAREEMA NEVELS<br>Plaintiff<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC<br>d/b/a CREDIT COLLECTION<br>SERVICES, INC.<br>Defendant | ) JURY TRIAL DEMANDED<br>)<br>)  Case No.  CV 25 5692<br>)<br>)<br>)       BROWN, J.<br>)<br>)         LOCKE, M. J.<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kareema Nevels, respectfully alleges the following:

### PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act, commonly known as the FDCPA, is a federal law enacted by the United States Congress in 1977 with the principal aim of preventing abusive, deceptive, and unfair practices employed by third-party debt collectors against consumers. The FDCPA imposes specific restrictions on the ability of debt collectors to communicate with consumers regarding the collection of debts. These provisions aim to protect consumers from harassment, abuse, and invasions of privacy by debt collectors. The act serves as a critical safeguard, ensuring that debt collectors operate within well-defined boundaries of ethical conduct and that consumers facing debt collection efforts are treated with dignity and afforded specific rights and protections under the law. The FDCPA is a strict liability statute and generally does not require proof of intentional violation. See *Stratton v. Portfolio Recovery Assocs, LLC.* 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin Services, Inc.*, 775 F.3d 1109 (9th Cir. 2014).

1

## I. INTRODUCTION

1. This is a civil action for actual damages, statutory damages and costs brought by Kareema Nevels (Plaintiff), an individual consumer, against Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA") and New York General Business Law § 349.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. 1331 because the complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same nucleus of operative facts as the federal claims.

4. The venue in this District is proper before the court in that the Defendant transacts business in West Babylon, New York, and the conduct complained of occurred in West Babylon, New York.

## III. PARTIES

5. Plaintiff Kareema Nevels (hereinafter "Plaintiff") is a natural person residing in West Babylon, New York. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Plaintiff is allegedly obligated to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are

2

primarily for personal, family or household purposes. Plaintiff is allegedly obligated to pay a "Debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant Credit Control Services, Inc. doing business as Credit Collection Services, Inc. (hereinafter referred to as "Defendant") is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Upon information and belief, Credit Control Services, Inc. is a Corporation with its headquarters and principal place of business located at 725 Canton Street Norwood, MA 02062.

9. Upon information and belief, Defendant Credit Control Services Inc. registered agent is CT Corporation System, 28 Liberty Street New York, NY 10005.

10. Upon information and belief, Credit Collection Services, Inc. is engaged in the collection of debts from consumers using the mail and telephone.

11. Defendant, Credit Collection Services, regularly attempts to collect consumer debts alleged to be due to others or debts that have been purchased from the original creditor.

## IV. FACTS OF THE COMPLAINT

12. Defendant, Credit Collection Services is attempting to collect a consumer debt allegedly owed to Quest Diagnostics Incorporated for an account ending in 5921 and CBL Path, Inc., (original creditor) for an account ending in 5147.

13. On March 26, 2025, Plaintiff responded to letter from Defendant Credit Collection Services Inc., attempting to collect a consumer debt allegedly owed to Quest Diagnostics Incorporated, for an account ending in 5921.

14. In the March 26, 2025 letter Plaintiff stated "After careful consideration of the circumstances, I have concluded that I refuse to pay this debt. This refusal includes any and all alleged debts that you may have in your office under my name."

15. The March 26, 2025 letter was sent via United States Postal Service certified mail with tracking # 9589 0710 5270 1230 0993 35 and delivered to an agent and left with an individual at the address on March 29, 2025.

16. Plaintiff received another letter dated September 29, 2025 from Defendant on October 6, 2025 attempting to collect an alleged debt owed to CBL Path, Inc.

17. According to 15 U.S.C. §1692c(c) of the FDCPA after the Debt Collector has received Plaintiff's "refuse to pay" written notice, the Debt Collector shall not communicate further with Plaintiff with respect to such debt, except--- (1) to advise the Plaintiff that the Debt Collector's further efforts are being terminated; (2) to notify Plaintiff that the Debt Collector or creditor may invoke specified remedies which are ordinarily invoked by such Debt Collector or creditor; or (3) where applicable, to notify the Plaintiff that the Debt Collector or creditor intends to invoke a specified remedy.

18. Defendant's letter sent to Plaintiff on September 29, 2025, constitutes a communication (as defined by 15 U.S.C. §1692a (2)) about a debt and an attempt to collect the debt.

19. The September 29, 2025 letter from defendant did not fall within any of the three permitted exceptions under 15 U.S.C. §1692c(c), as it did not advise collection efforts were being terminated, did not notify of specific remedies ordinarily invoked, and did not notify of intent to invoke a specified remedy.

20. Violations thereto are documented and are in possession of the Plaintiff.

**21.** "The FDCPA is a strict liability statute and a consumer only has to prove one violation to trigger liability." *Akalwadi v. Risk Mgt Alternatives, Inc.*, 336 F.Supp.2d 492, 500 (D. Md. 2004) (citing *Spencer v. Hendersen-Webb, Inc.*, 81 F.Supp.2d 582, 590 (D. Md. 1999)).

**22.** Defendant by their actions have shown complete disregard for the rules of the FDCPA and may assert a defense of Bona fide Error, claiming that any alleged violation of the Fair debt Collection Practices Act was a result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C. § 1692k(c). However, the continual nature of the Defendant's violations and its persistence in attempting in attempting to collect the debt post Plaintiff's clear communication of refusal to pay, strongly suggests a willful disregard for the FDCPA, rather than a bona fide error.

**23.** Defendant received a written refusal to pay notice from the Plaintiff and continued to contact Plaintiff in an attempt to collect an alleged debt, such actions are prohibited per 15 U.S.C. § 1692c(c) of the FDCPA.

**24.** As a direct and proximate result of Defendant's violation of 15 U.S.C. § 1692c(c) of the FDCPA Plaintiff has suffered actual damages as a result of illegal collection communications by this Defendant including but not limited to the following:

**25.** **Emotional Distress**: As a direct result of receiving the Defendant's unwanted communication on September 29, 2025, Plaintiff cannot longer trust that her clearly stated boundaries will be respected. Plaintiff took appropriate legal steps to protect Plaintiff from unwanted contact, yet Defendant chose to ignore those rights.

5

26. **Exacerbation of Pre-existing Anxiety Condition**: Plaintiff has a documented history of experiencing anxiety. Earlier in 2024 Plaintiff was prescribed medication by a medical professional to treat anxiety symptoms. Upon receiving Defendant's illegal communication dated September 29, 2025, Plaintiff's anxiety condition was exacerbated and re-surfaced with heightened intensity. Plaintiff's anxiety peaks whenever receiving letters from Debt Collectors and Defendant's violation of the cease communication notice caused worsening of the Plaintiff's mental health condition.

27. **Invasion of Privacy and Interference with Solitude**: Defendant's actions have caused Plaintiff substantial interference with Plaintiff's solitude and private affairs. After explicitly demanding cessation of all communications, defendant's continued contact constituted an unwanted intrusion into Plaintiff's personal life and violated Plaintiff's right to be left alone regarding these matters. Defendant's actions are offensive and objectionable to a reasonable person and constitute an invasion of Plaintiff's privacy.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1692c(c)
### DEFENDANT CREDIT CONTROL SERVICES, INC

28. Plaintiff re-alleges and reincorporates all previous paragraphs.

29. The Defendant violated the FDCPA.

30. Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA by continuing its attempt to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

31. As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages as set forth in paragraphs 25-27 above.

32. Defendant was negligent and willful at all times.

33. Plaintiff is entitled to recover actual damages under 15 U.S.C. §1692k(a)(1).

34. Plaintiff is entitled to recover statutory damages under 15 U.S.C. §1692k(a)(2)(A).

35. Plaintiff is entitled to costs under 15 U.S.C §1692k(a)(3).

## VI. SECOND CLAIM FOR RELIEF
## NEW YORK GENERAL BUSINESS LAW § 349
## DECEPTIVE ACTS AND PRACTICES
## DEFENDANT CREDIT CONTROL SERVICES, INC

36. Plaintiff re-alleges and re-incorporates all previous paragraphs.

37. Defendant's conduct constitutes deceptive acts and practices in the conduct of business in violation of New York General Business Law § 349.

38. Defendant engaged in deceptive acts and practices by continuing to communicate with Plaintiff regarding an alleged debt after receiving Plaintiff's written notice on March 26, 2025, demanding cessation of all communications.

39. Defendant's conduct was consumer-oriented as it was directed towards consumers in the marketplace and had a broader impact on consumers at large who send cease communication notices to debt collectors.

40. Defendant's practice of ignoring consumer cease communication demands and continuing collection efforts despite proper notice is deceptive and materially misleading to reasonable consumers who expect debt collectors to comply with their lawful demands to cease communication.

41. As a direct and proximate result of defendant's deceptive acts and practices, Plaintiff suffered ascertainable losses described in paragraphs 25-27 above.

42. There is a causal relationship between Plaintiff's injuries and Defendant's deceptive acts and practices, as Plaintiff's damages directly resulted from Defendant's violation of cease communication notice.

**43.** Defendant's actions were willful and knowing, as evidenced by Defendant's deliberate decision to continue collection efforts after receiving clear communication notice demanding cessation of all communications.

**44.** Plaintiff is entitled to recover actual damages or fifty dollars ($50), whichever is greater, pursuant to New York General Business Law § 349(h).

**45.** Plaintiff is entitled to treble damages up to one thousand dollars ($1,000) as Defendant willfully and knowingly violated New York General Business Law § 349.

**46.** Plaintiff is entitled to costs pursuant to New York General Business Law § 349(h).

## VII. JURY DEMAND AND PRAYER RELIEF

WHEREFORE, Plaintiff, Kareema Nevels respectfully requests a jury trial and requests judgment be entered in favor of Plaintiff and against the Defendant, Credit Control Services, Inc. for the following:

A. Judgment for violating 15 U.S.C. § 1692c(c) of the FDCPA.

B. Judgement for violating New York General Business Law § 349.

C. Actual damages pursuant to 15 U.S.C. §1692k(a)(1).

D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A).

E. Actual damages or fifty dollars ($50), whichever is greater, pursuant to New York General Business Law § 349(h).

F. Treble damages up to one thousand dollars ($1,000) pursuant to New York General Business Law § 349(h).

G. Costs of action pursuant to 15 U.S.C §1692k(a)(3) and New York General Business Law § 349(h).

H. For such other and further relief as the court may deem just and proper.

Respectfully submitted:
~~November 3, 2025~~ October 10, 2025

Kareema Nevels
91 Chelsea Avenue
West Babylon, NY 11704
646-246-9915
Knevels78@gmail.com